WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Nakai,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-16-08310-PCT-DGC<br><br>CR-01-01072-01-PCT-DGC<br><br>**ORDER** |

Movant Gregory Nakai filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 3 at 3-11.[1] Magistrate Judge John Boyle recommends that: (1) Nakai's convictions on counts 6 and 18 be vacated; (2) his motion otherwise be denied; and (3) a certificate of appealability be granted. Doc. 48 ("R&R"). Nakai objects. Doc. 49. The Court will adopt the R&R in part, grant Nakai's motion in part, and grant a certificate of appealability.[2]

I. **Background.**

    A. **Relevant Legal Background.**

In 2003, a jury convicted Nakai on each count in an 18-count indictment arising from a double murder on the Navajo Reservation in August 2001. Doc. 6 at 2-4. The

---

[1] Documents filed in this civil action, No. CV-16-08310, are cited as "Docs." Documents filed in Nakai's criminal case, No. CR-01-01072, are cited as "CR Docs."

[2] After Nakai's counsel filed objections on his behalf, Nakai filed a separate set of "pro se objections." *See* Doc. 51. The pro se objections violate the Court's local rules and will not be considered. *See* LRCiv 83.3(c)(2).

indictment charged Nakai with nine substantive offenses and nine corresponding violations of 18 U.S.C. §§ 924(c) and 924(j). Section 924(c)(3) imposes extended prison sentences for use of a firearm in connection with crimes of violence, and § 924(j) requires a sentence of death or life in prison if § 924(c) applies and the underlying crime is murder as defined in 18 U.S.C. § 1111. *See* CR Doc. 280 at 1-2; 18 U.S.C. §§ 924(c)(3), 924(j)(1), 1111(a). Nakai's nine § 924(c) convictions resulted in 720 months of incarceration following six consecutive life terms, all in addition to the concurrent life sentences he received for the nine substantive offenses. CR Doc. 280 at 2.

For § 924(c)(3) and § 924(j) to apply in Nakai's case, the jury needed to find that he used a firearm in a "crime of violence." 18 U.S.C. § 924(c), (j). The statute defines a "crime of violence" as:

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (c)(3)(A) is commonly known as the "force" or "elements" clause, and will be referred to in this order as the "force clause." Subsection (c)(3)(B) commonly is called the "residual clause." *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).

In 2015, the Supreme Court held that a similar residual clause found in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591 (2015) ("*Johnson II*"). The Supreme Court later held that *Johnson II* "announced a substantive rule that has retroactive effect in cases on collateral review," allowing defendants to invoke *Johnson II* to vacate their sentences in federal collateral review proceedings. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). In June 2019, the Supreme Court extended *Johnson*

*II* to the definition of a "crime of violence" in § 924(c)(3)(B), holding that the residual clause was also unconstitutionally vague. *Davis*, 139 S. Ct. at 2324.

### B. Procedural History.

Nakai's first § 2255 motion, filed in October 2006, was denied in August 2007. *See Nakai v. United States*, Case No. 3:06-cv-02394-FJM-JCG, Doc. 2. In 2016, after *Johnson II* was decided, the Ninth Circuit granted Nakai's application to file a second or successive § 2255 motion. Doc. 3; *see also* 28 U.S.C. § 2255(h). The motion alleged, among other things, that eight of Nakai's § 924 convictions were unconstitutional under *Johnson II*. Doc. 3-3 at 7, 10. The government filed a motion to dismiss Nakai's motion, and in December 2017 Judge Boyle issued an R&R recommending that the motion be granted. Doc. 13. In April 2018, the Court dismissed the majority of Nakai's § 2255 claims, but held that Nakai had properly raised the issue of whether some of his predicate offenses were no longer valid grounds for a § 924 conviction under *Johnson II*. *See* Doc. 17 at 4. The Court remanded the case for further briefing on the merits. *Id.* at 4.

Judge Boyle stayed the case in September 2018 to await resolution of various cases before the Ninth Circuit and Supreme Court. Doc. 48 at 5. In October 2020, Judge Boyle lifted the stay and ordered additional briefing on whether the predicate offenses for the § 924 convictions remained "crimes of violence" after the Supreme Court's decision in *Davis*. *Id.* In December 2020, after further supplemental briefing (Docs. 46-47), Judge Boyle issued an R&R recommending that Nakai's § 2255 motion be granted with respect to counts 6 and 18 – Nakai's § 924 convictions based on kidnapping – and be denied with respect to Nakai's remaining § 924 convictions because the predicate offenses constitute crimes of violence. Doc. 48 at 1-2. Judge Boyle further recommended that a certificate of appealability be granted because reasonable jurists could debate his conclusions. *Id.* at 14. Nakai objects that the following § 924 convictions are based on predicate offenses that do not constitute crimes of violence: (1) first-degree murder (Counts 2 and 8); (2) felony murder (Counts 4, 12, and 16); and (3) carjacking (Count 10). *See* Doc. 49.

/ / /

## II. R&R Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. Analysis.

Nakai has not objected to Judge Boyle's recommendation on Counts 6 and 18 (the § 924 convictions based on kidnapping) or Count 14 (the § 924 conviction based on robbery).[3] The Court will address Nakai's specific objections below, accept Judge Boyle's recommendations with respect to Counts 2, 8, and 10 (the § 924 convictions based on first-degree murder and carjacking), and grant Nakai's § 2255 motion with respect to Counts 4, 12, and 16 (the § 924 convictions based on felony murder).

### A. Retroactive Applicability of *Davis*.

Congress has erected a high bar for second or successive § 2255 motions. Nakai's motion must "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2); *see also* 28 U.S.C. § 2255(h). As a threshold matter, the Court must determine whether the holding in *Davis* – that § 924(c)(3)'s residual clause is void for vagueness – applies retroactively to cases on collateral review.[4]

---

[3] The introduction to Nakai's objection states that he "objects to the portions of the Report that concern . . . Count 14 (predicate offense being robbery)," *see* Doc. 49 at 2, but he never addresses this issue in his objection. Because he has made no specific objection with respect to Count 14, the Court will not address it. *See* Fed. R. Civ. P. 72(b)(2) (the party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge) (emphasis added).

[4] When its prerequisites are met, § 2255(h) provides that a second or successive motion must be certified "as provided in section 2244 by a panel of the appropriate court of appeals[.]" The Ninth Circuit authorized Nakai to file a second or successive motion, but considered only whether he had made a *prima facie* showing "of *possible* merit to warrant a fuller exploration by the district court." *Henry v. Spearman*, 899 F.3d 703, 706 (9th Cir. 2018) (quoting *Cooper v. Woodford*, 358 F.3d 1117, 1119 (9th Cir. 2004))

4

The Supreme Court and Ninth Circuit have not addressed the issue, but other circuits have concluded that *Davis* applies retroactively. *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) ("the rule in *Davis* meets the standard for a new substantive rule" with retroactive application); *United States v. Bowen*, 936 F.3d 1091, 1097 (10th Cir. 2019) ("We first conclude that the Supreme Court's ruling in *Davis* that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review"); *In re Hammoud*, 931 F.3d 1032, 1031 (11th Cir. 2019) ("[F]or purposes of § 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in *Davis* and *Welch* "necessarily dictate" that *Davis* has been made retroactively applicable to criminal cases that became final before *Davis* was announced.") (internal quotation marks and citations omitted). The Court agrees with these cases. *Davis* applies retroactively to this case, particularly in light of the Supreme Court's decision in *Welch*. Because the residual clause in § 924(c)(3)(B) is unconstitutionally vague, Nakai's offenses can constitute crimes of violence only under the force clause in § 924(c)(3)(A).

**B.      Force Clause Analysis.**

To determine whether a crime qualifies as a crime of violence, courts use a categorical approach. *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1288 (9th Cir. 2017). "[T]he facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard." *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021). Here, the relevant inquiry is the language of the force clause – whether the offense necessarily involves the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "If any – even the least culpable – of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as" a predicate offense for purposes of § 924(c)(3)(A). *Borden*, 141 S. Ct. at 1822.

---

(emphasis in *Cooper*); 28 U.S.C. § 2244(b)(3)(C). This determination does not preclude a district court from determining whether the statutory threshold has in fact been met. *See United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 (9th Cir. 2000) ("Villa-Gonzalez contends that our grant of permission forecloses the district court from finding his motion does not meet the statutory requirements. Villa-Gonzalez's contention lacks merit.").

5

The Supreme Court has provided importance guidance on application of the categorical approach to statutory language like the force clause in § 924(c)(3)(A). In *Leocal v. Ashcroft*, 543 U.S. 1 (2004), the Court held that negligence cannot give rise to a crime of violence under language virtually identical to the force clause, which requires "a higher degree of intent than negligent or merely accidental conduct." *Id.* at 9. In *Borden*, 141 S. Ct. 1817, the Court held that recklessness cannot satisfy the essentially identical definition of "violent felony" found in 18 U.S.C. § 924(e)(2)(B). The reasoning of these cases will become important to the decision in this case, as discussed below.

### 1.    First-Degree Murder.

Nakai moves to vacate Counts 2 and 8, the § 924 counts based on his predicate offense of first-degree murder. 18 U.S.C. § 1111(a) defines murder as "the unlawful killing of a human being with malice aforethought." Unlike second-degree murder, which "may be committed recklessly . . . and need not be committed willfully or intentionally," *United States v. Begay*, 934 F.3d 1033, 1040 (9th Cir. 2019), first-degree murder requires a higher standard of intent that includes "willful, deliberate, malicious, and premeditated killing[.]" 18 U.S.C. § 1111(a).

Nakai argues that first-degree murder is not a "crime of violence" under *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"), which addressed the meaning of the words "physical force" in the ACCA's definition of a "violent felony," a definition almost identical to § 924(c)(3)(A)'s definition of a "crime of violence." *See* 18 U.S.C. § 924(e)(2)(B)(i) ("violent felony" "has as an element the use, attempted use, or threatened use of physical force against the person of another."). The Supreme Court acknowledged that the term "force," in legalese, was commonly used in the context of common-law battery to mean "even the slightest offensive touching." 559 U.S. at 139. Noting that this would be a "comical misfit" in the context of a violent felony statute, the Supreme Court concluded that "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." *Id*. at 140 (citations omitted).

Nakai argues that first-degree murder does not satisfy this force requirement under the categorical approach because "there are non-violent, non-forceful ways to commit murder." Doc. 46 at 5-6. He provides examples of poisoning, a parent withholding medical care from a child, or striking a match to start a fire in a building. Doc. 22 at 8-9.

Judge Boyle correctly rejected this argument. The Ninth Circuit has stated that first-degree murder is "categorically a crime of violence under the [force] clause of § 924(c)." *United States v. Arthur*, 750 Fed. App'x. 540, 543 (9th Cir. 2018); *see also United States v. Studhorse*, 883 F.3d 1198 (9th Cir. 2018) (attempted first-degree murder is a "crime of violence" under a clause of the Immigration and Nationality Act virtually identical to the force clause of § 924(c)(3)(A)).

The Supreme Court rejected Nakai's hypothetical non-violent ways of committing murder in *United States v. Castleman*, 572 U.S. 157 (2014). The Court clarified that "physical force" encompasses even the indirect application of force, such as poisoning. *Id.* at 171; *see also United States v. Gray*, CR-15-08076-PCT-DGC, 2017 WL 3675383, at *4 (D. Ariz. Aug. 25, 2017) ("Each of Defendants' examples – using water to cause drowning, withholding food to cause starvation, infecting with a virus to cause death, and using fire to cause death – also employs a device to cause physical harm.").

Nakai objects that *Castleman* is distinguishable because the Supreme Court was analyzing the meaning of "physical force" in the context of a domestic violence misdemeanor statute, not a violent felony statute. *See* 572 U.S. at 165 (because domestic violence "is a term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context," the common law meaning of physical force, rather than *Johnson I*'s "violent force," was applied). Nakai is correct that the definition of "force" depends on the context of the underlying statute. *See*, *e.g.*, *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018) (together, *Johnson I* and *Castleman* "demonstrate that before a court can determine whether a predicate crime falls within a particular statute's [force] clause, it must first determine whether the statute's use of the word "force" requires "violent force" [as in *Johnson I*, analyzing §924(e)], or instead whether it requires the

7

common-law meaning of force [as in *Castleman*, analyzing § 921(a)(33)(A)]."); *see also United States v. Fitzgerald*, 935 F.3d 814, 817 (9th Cir. 2019) (whether a crime requires *Johnson I*-level "violent" force depends on how the underlying statute defines the resulting injury produced). Nakai essentially argues that the indirect uses of force presented in his hypotheticals, while they may constitute "force" in the context of a *Castleman*-type domestic violence misdemeanor statute, do not constitute the type of "force" required for "crimes of violence" under the force clause of § 924(c)(3(A). Doc. 49 at 5.

The Court does not agree. The Ninth Circuit has held that first-degree murder necessarily entails the use of violent force. *Studhorse*, 883 F.3d at 1206. Nakai contends that *Studhorse* is distinguishable because it addressed attempted murder rather than murder, but attempt crimes can constitute crimes of violence. *See*, *e.g.*, *Arellano Hernandez v. Lynch,* 831 F.3d 1127, 1132 (9th Cir. 2016) ("We have 'generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence.'") (quoting *United States v. Riley*, 183 F.3d 1155, 1160 (9th Cir. 1999)). The Ninth Circuit also held in *Arthur*, 750 F. App'x at 54, that first-degree murder is a crime of violence. Nakai objects that *Arthur* is an unpublished decision and not controlling, but the Court finds it persuasive in light of the Ninth Circuit cases on which it relies. *See* Ninth Circuit Rule 36-3. Nakai cites no contrary authority.

### 2.  **First-Degree Felony Murder.**

Nakai was convicted of felony murder-robbery (Count 11) and felony murder-kidnapping (Counts 3 and 15), and moves to vacate his § 924(c) convictions associated with these offenses (Counts 4, 12, and 16). In recommending that this argument be rejected, Judge Boyle noted that the federal felony-murder statute, 18 U.S.C. § 1111(a), requires "malice aforethought," which is a higher mental state than recklessness. Doc. 48 at 10-11. Judge Boyle cited *Umaña v. United States*, 229 F. Supp. 3d 388 (W.D.N.C. 2017), a case which distinguished between recklessness and malice aforethought in holding felony murder to be a crime of violence. *Id.* at 11.

Nakai objects to this conclusion, arguing that felony-murder cannot constitute a crime of violence because the underlying felonies can be committed recklessly, negligently, or even accidentally. Docs. 22 at 13-14; 49 at 6-7 (citing *Leocal*, 543 U.S. at 6-10); *see also Dean v. United States*, 556 U.S. 568, 575 (2009) ("The felony-murder rule is a familiar example: If a defendant commits an unintended homicide while committing another felony, the defendant can be convicted of murder.").

In response to this objection, the government does not adopt Judge Boyle's analysis – it does not argue that felony murder is a crime of violence because it requires malice aforethought. Doc. 50 at 7-9. The government instead argues that felony murder in the Ninth Circuit is a specific-intent crime – it can be committed only when the defendant specifically intends to commit the underlying felony. *Id.* Because specific intent is "the highest mental state in criminal law" (*id*. at 8), the government argues that it forecloses any possibility that felony murder can be committed recklessly or negligently. *Id.*

The Court is not persuaded by the analyses of Judge Boyle or the government.

### a. Malice Aforethought and Felony Murder.

The federal murder statute does require malice aforethought, and includes felony murder, as shown by the following italicized language:

> Murder is the unlawful killing of a human being *with malice aforethought*. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; *or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery*; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

18 U.S.C. § 1111(a) (emphasis added).

To prove felony murder, however, the government need not prove malice aforethought. The law implies malice aforethought if the defendant caused a death in the

9

course of committing another felony. Indeed, the very definition of malice aforethought includes killings committed in the course of another felony. Malice aforethought is:

> The requisite mental state for common-law murder, encompassing any one of the following: (1) the intent to kill, (2) the intent to inflict grievous bodily harm, (3) extremely reckless indifference to the value of human life (the so-called "abandoned and malignant heart"), or (4) the intent to commit a dangerous felony (which leads to culpability under the felony-murder rule).

Malice Aforethought, Black's Law Dictionary (11th ed. 2019).

Thus, a defendant who causes a death in the course of committing another felony will be found to possess malice aforethought even if the death itself was caused by recklessness, negligence, or a simple accident. *See United States v. Miguel*, 338 F.3d 995, 1006 (9th Cir. 2003) (To prove felony murder under § 1111(a), "the Government need only prove the intent to commit the felony, not the intent to inflict the injury."); *United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000) ("Because malice aforethought is proved by commission of the felony, there is no actual intent requirement with respect to the homicide."); *Schad v. Arizona*, 501 U.S. 624, 640 (1991) (at common law, the intent to kill and intent to commit a felony were "alternative aspects of the single concept of 'malice aforethought'"); *see also United States v. Vederoff*, 914 F.3d 1238, 1247 (9th Cir. 2019) (felony murder as a method of second-degree murder was not a "crime of violence" under a force clause similar to § 924(c) because state law "impose[d] liability for negligent or even accidental felony murder").

In crafting the doctrine of felony murder, the law has made a policy choice. Malice aforethought is supplied by the mere fact that the defendant caused death while committing another felony. The policy purpose is to "deter felons from killing negligently or accidentally by holding them strictly liable for the killings that are the result of the felony or an attempted one." *United States v. Tham*, 119 F.3d 1501, 1509 (11th Cir. 1997); *see also People v. Cavitt*, 91 P.3d 222 (Cal. 2004) ("The purpose of the felony-murder rule is to deter those who commit the enumerated felonies from killing by holding them strictly

responsible for any killing committed by a cofelon, whether intentional, negligent, or accidental, during the perpetration or attempted perpetration of the felony."). In effect, "the commission of the specified felony *supplies the constructive or implied malice* necessary to satisfy the malice aforethought element of § 1111(a) felony murder." *United States v. Pearson*, 159 F.3d 480, 486 (10th Cir. 1998) (emphasis added).

Thus, the malice aforethought required for felony murder is not an actual, proven mental state. It is a constructive or implied mental state designed to deter felons from recklessly or negligently causing death. As a result, the Court cannot rely on malice aforethought in Nakai's felony-murder convictions as supplying the intentional mental state necessary for a crime of violence under *Leocal*, *Borden*, and their progeny.

### b.     The Government's Specific Intent Argument.

As noted, the government argues that felony murder is a crime of violence because it requires proof of specific intent under Ninth Circuit law. The government relies on *United States v. Lilly*, 512 F.2d 1259 (9th Cir. 1975), which held that specific intent to commit the underlying felony is required under § 1111(a). *Id.* at 1261. But *Lilly* appears to be limited to felony murder based on robbery. The decision focused on the fact that robbery under 18 U.S.C. § 2111 required specific intent when § 1111(a) was enacted, and Congress therefore likely assumed specific intent would continue to be needed for robbery. *Id.* It does not address § 1111(a) more broadly.

The government does cite other Ninth Circuit cases which seem to suggest that *Lilly* applies to § 1111(a) more generally. *See United States v. Bordeau*, 168 F.3d 352, 356 (9th Cir. 1999) (*Lilly* "held that robbery as an element of felony murder under the felony murder statute, 18 U.S.C. § 1111, required specific intent, not because of anything contained in § 2111 but because otherwise an individual could be convicted of first-degree murder without having the specific intent to commit any crime"). But some Ninth Circuit cases suggest that the intent normally required for the underlying felony, whether specific or general, is the only intent requirement for felony murder under § 1111(a). *See United States v. Chischilly*, 30 F.3d 1144, 1160 (9th Cir. 1994) ("conviction for felony murder

11

under 18 U.S.C. § 1111 requires the commission of an enumerated felony *with the requisite mens rea for the underlying offense*.") (emphasis added).[5]

The Court need not sort out the precise proof requirements for felony murder, however, because even if the government is correct, a specific intent to commit *the underlying felony* would not be enough to satisfy the Supreme Court's crime-of-violence cases. Under *Leocal* and *Borden*, the intentional conduct must be with respect to *the use of force against another*.

The force clause states that a crime of violence "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3). Interpreting essentially the same language from another statute, *Leocal* held that the words "use of force" and "against another" imply volitional action and require more than negligence:

> The critical aspect of § 16(a) is that a crime of violence is one involving the 'use . . . of physical force against the person or property of another.' As we said in a similar context in *Bailey*, 'use' requires active employment. . . . The key phrase in § 16(a) – the 'use . . . of physical force against the person or property of another' – most naturally suggests a higher degree of intent than negligent or merely accidental conduct.

543 U.S. at 9 (emphasis added).

The Supreme Court's recent decision in *Borden* takes the same tack in interpreting the definition of "violent felony" in the ACCA, a definition which uses essentially the same language as the force clause at issue in this case and the statute addressed in *Leocal* – a crime which "has as an element the use, attempted use, or threatened use of physical force

---

[5] The Ninth Circuit has no model jury instruction for first-degree felony murder, and instead refers the reader to the Tenth and Eleventh Circuit jury instructions. *See* Ninth Circuit Model Crim. Instr. 8.107 cmt. Those instructions require that the defendant specifically intend to commit the underlying felony. *See* Tenth Cir. Model Crim. Jury Instr. 2.52.1 (first-degree felony murder under § 1111 is "a killing that occurs during the *knowing and willful* commission of some other specified felony offense.") (emphasis added); Eleventh Cir. Model Crim. Jury Instr. O45.2 (felony murder under § 1111 is "a killing that takes place during the *knowing and willful* commission of some other specified felony crime.") (emphasis added). This cross-reference would seem to confirm that a specific intent to commit the underlying felony is required in the Ninth Circuit. That apparently is how the jury was instructed in Nakai's case. *See* Doc. 47 at 10-11.

12

against the person of another[.]" 18 U.S.C. § 942(e)(2)(B).[6] *Borden* held that "[t]he critical context here is the language that 'against another' modifies the 'use of physical force.' As just explained, 'use of force' denotes volitional conduct." 141 S.Ct. at 1826. The Court accordingly held that a violent felony as defined in the ACCA is "best understood to involve not only a substantial degree of force, but also a purposeful or knowing mental state – a deliberate choice of wreaking harm on another, rather than mere indifference to risk." *Id.* at 1830. The defendant must intend to use force against another.

The Ninth Circuit has also recognized that, under the Supreme Court's reasoning in *Leocal*, the object of a defendant's intent must be the use of force against another:

> Whereas the word "use," taken alone, could "in theory" connote the accidental employment of force, it would be "much less natural to say that a person actively employs [i.e., uses] physical force against another person by accident."  Thus, the [Supreme] Court reasoned, 18 U.S.C. § 16(a)'s requirement that force be used "against" someone or something suggested that crimes of violence require "a higher degree of intent than negligent or merely accidental conduct."

*Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1127 (9th Cir. 2006).[7]

---

[6] *See United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (noting that the interpretation of "physical force" in § 924(e)(2)(B)(i)'s definition of "violent felony" also applies to § 924(c)(3)(A)'s definition of "crime of violence.").

[7] The Ninth Circuit took a somewhat different approach in *Vederoff*. *See* 914 F.3d at 1247. The court noted that felony murder statutes generally fall into three categories: those that (1) penalize accidental conduct and non-dangerous felonies; (2) specifically enumerate the types of felonies constituting felony murder; and (3) require the predicate offense to be a dangerous felony. *Id.* Because the state statute in *Vederoff* fell into the first category, broadly allowing liability to be imposed "for negligent or even accidental felony murder," the Ninth Circuit held that the state's felony murder statute was not a crime of violence. *Id.* at 1248. At least one district court has read *Vederoff* to suggest that felony murder statutes falling into the remaining categories – including those, such as § 1111, which specifically enumerate felony offenses – qualify as crimes of violence. *See Shrader v. United States*, No. 1:09-CR-00270, 2019 WL 4040573, at *3 (S.D.W. Va. Aug. 27, 2019). But *Vederoff* addressed the *enumerated offenses* clause of the Federal Sentencing Guidelines § 4B1.2(a), which defines a crime of violence as "murder, voluntary manslaughter, kidnapping, [and] aggravated assault[.]" *Vederoff*, 914 F.3d at 1243 (quoting § 4B1.2(a)). In its discussion of the Guidelines' *force* clause – the relevant comparison here – the Ninth Circuit made clear that negligent or accidental conduct was not sufficient for a crime of violence. *Id.* at 1248.

13

The point is simply this: the intentional action required for a crime of violence under the force clause is the intentional use of force against another. It is not enough, as the government argues, that felony murder requires the intentional commission of the underlying felony. One can intentionally commit a felony and, in the process, accidentally cause the death of another. That scenario may satisfy the requirements for felony murder, but it does not involve the intentional use of force against another and therefore is not a crime of violence under the force clause as interpreted by the Supreme Court.

The government argues that several district courts have found felony murder to be a crime of violence. In *Shrader v. United States*, No. 1:09-CR-00270, 2019 WL 4040573 (S.D.W. Va. Aug. 27, 2019), the court held that felony murder as a method of first-degree murder was a "violent felony" under the ACCA's force clause because the state law in question "holds defendants who commit enumerated felonies to be legally responsible for deaths that occur as a result of those felonies, as if they purposefully committed the murder." *Id.* at *3. In *Umaña*, the court noted that first-degree murder under North Carolina law – which included felony murder – was a "crime of violence" under the force clause because the requisite "malice aforethought" was supplied by commission of the underlying felony and involved a higher degree of intent than reckless, negligent, or accidental conduct. *See* 229 F. Supp. 3d at 394-95. The Court respectfully disagrees with these decisions for reasons stated above. The imputation of malice aforethought from the mere commission of a felony – even the intentional commission of a felony – does not prove that the defendant intentionally used force against another as required by *Leocal* and *Borden*. To the contrary, felony murder can occur when a defendant recklessly or negligently causes the death of another. This is not a crime of violence under the force clause.[8]

---

[8] The government also cites *United States v. Vickers*, 967 F.3d 480 (5th Cir. 2020) in which the Fifth Circuit held that felony murder was a violent felony under the ACCA because, at the time of the defendant's conviction, felony murder under the relevant state statute "required a mental state of recklessness or higher," which the Court noted would have required that defendants "have taken active steps to 'use' physical force." But *Vickers* was vacated by the Supreme Court in light of *Borden*. *See Vickers v. United States*, No. 20-7280, --- S.Ct. ---, 2021 WL 2519058, at *1 (U.S. June 21, 2021).

14

### 3. Carjacking.

Nakai moves to vacate Count 10, the § 924 count associated with his predicate offense of carjacking. The federal carjacking statute, 18 U.S.C. § 2119, penalizes "[w]hoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle . . . from the person or presence of another by force and violence *or by intimidation*[.]" 18 U.S.C. § 2119 (emphasis added). In *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017), decided after *Johnson I*, the Ninth Circuit joined several other circuits in concluding that carjacking is a crime of violence under the force clause of §924(c) because the term "intimidation" still requires "the threatened use of violent physical force." *Id*. at 1256. Citing *Gutierrez*, Judge Boyle correctly concluded that carjacking is a crime of violence under § 924(c)(3)(A). Doc. 48 at 12.

Nakai acknowledges the holding of *Gutierrez*, but argues that its "logic is flawed" because including violent physical force in the definition of "intimidation" renders the term superfluous. Doc. 49 at 8-9. The Court need not pause to address this argument, however, because *Gutierrez* is binding precedent the Court must apply. The Court will adopt Judge Boyle's recommendation and deny Nakai's motion to vacate Count 10.

## IV. Certificate of Appealability.

Judge Boyle recommends granting a certificate of appealability. Because Nakai's petition raises current and debated issues, the Court will grant the certificate. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED:**

1. Judge Boyle's R&R (Doc. 48) is **accepted in part and rejected in part**.
2. Nakai's § 2255 motion (Doc. 3) is **denied** with respect to Counts 2 and 8 (§ 924 convictions based on first-degree murder), Count 10 (§ 924 conviction based on carjacking), and Count 14 (§ 924 conviction based on robbery). The motion is **granted** with respect to Counts 6 and 18 (§ 924 convictions based on kidnapping) and Counts 4, 12, and 16 (§ 924 convictions based on felony murder).

15

3. Nakai's convictions and sentences with respect to Counts 4, 6, 12, 16, and 18 are **vacated.**

4. A certificate of appealability is **granted**.

Dated this 11th day of August, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge